

# THE ATTORNEY GENERAL
# OF TEXAS

### AUSTIN, TEXAS 78711

JOHN L. HILL
ATTORNEY GENERAL

September 14, 1973

Honorable Robert W. Post
County Attorney
Dewitt County
P. O. Box 110
Cuero, Texas 77954

Opinion No. H-102

Re: Applicability of Art.
4590b and 6701d,
V. T. C. S., to private
ambulances

Dear Mr. Post:

You have requested our opinion concerning the regulation of private ambulances under the provisions of Articles 4590b and 6701d, V. T. C. S.

Your first two questions are as follows:

> 1. "Is the operator of a private ambulance which answers calls from the police dispatcher to pick up victims of wrecks or other emergencies required to have a permit from the State Board of Health under Art. 4590b?"

> 2. "Is the operator of a private ambulance which does not answer calls from the police dispatcher to pick up victims of wrecks, etc., but which does transfer private patients from home to hospital and from one hospital to another, required to have a permit from the State Board of Health under Art. 4590b?"

Article 4590b, Vernon's Texas Civil Statutes, provides in part that no person shall operate " . . . any emergency ambulance, public or private, or any other vehicle commonly used for the transportation or conveyance of the sick or injured, without first securing a permit therefor from the State Board of Health . . . ."

This statute is applicable to "any emergency ambulance, public or private," and thus your first question must be answered in the affirmative.

The statute also applies to "any other vehicle commonly used for the transportation or conveyance of the sick or injured," which we believe covers the circumstances described in your second question. We also believe that the Legislature intended for the phrase "public or private" to apply to such other vehicles. The statute as passed declared an emergency "for the benefit of public safety," Acts, 48th Legislature, 1943, p. 633, ch. 360, and we see no distinction between public and private ambulances in serving this purpose. Accordingly, we answer your second question in the affirmative.

Your next two questions are as follows:

> 3. "Is the operator of a private ambulance operated under permit from the State Board of Health in violation of Art. 6701d if the ambulance does not have the siren and flashing red lights required by that Article?"

> 4. "Is the operator of a private ambulance operated (either legally or illegally, depending on the answer [to] the first two questions above) without a permit from the State Board of Health in violation of Art. 6701d if the ambulance does not have the siren and flashing red lights required by that Article?"

Article 6701d, § 2(d), defines "authorized emergency vehicle" to include " . . . public and private ambulances for which permits have been issued by the State Board of Health. . . ."

Article 6701d, § 124(a), requires every "authorized emergency vehicle" to be equipped with siren, whistle, or bell; and § 124(b) requires it to be equipped with signal lamps displaying both to front and to rear two alternately flashing red lights, etc.

A private ambulance operating under a permit from the State Board of Health is plainly an "authorized emergency vehicle" under Article 6701d § 2(d) and is thus subject to the requirements of each section of Article 6701d applicable to authorized emergency vehicles. Accordingly your third question requires an affirmative answer.

The operation of a private ambulance without a permit is in violation of Article 4590b and subjects the operator to the penalties set forth in § 5 of that act. We believe that the Legislature intended the provisions of Article 6701d to apply to all vehicles that are subject to the provisions of Article 4590b, whether in compliance with that statute or not, and certainly the Legislature did not intend to exempt owners and operators of ambulances on the basis of non-compliance with Article 4590b. This would ascribe to the Legislature an unreasonable intent, in violation of basic rules of statutory construction. 53 Tex. Jur. 2d, Statutes, § 126.

Accordingly, your fourth question is answered in the affirmative.

## SUMMARY

Both Articles 4590b and 6701d, V. T. C. S., are applicable to private ambulances and require that they be licensed by the State Board of Health and carry the required equipment.

Very truly yours,

JOHN L. HILL
Attorney General of Texas

APPROVED:

LARRY F. YORK, First Assistant

DAVID M. KENDALL, Chairman
Opinion Committee